UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

Steve Doyon, Pro se

Plaintiff,

v.                                     Case:

Yvan Doyon,

Defendant

## COMPLAINT

Plantiff, Steve Doyon (hereinafter "Plaintiff") Pro se, complaining of the Defendant Yvan Doyon (hereinafter "Defendant"), sets forth and alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises from the damaging and slanderous statements made by Defendant against Plaintiff to individuals residing in the communities of northeastern Vermont and northern New Hampshire pertaining to Plaintiffs character and integrity. Additionally, Plaintiff is subject to constant security reviews of his background and character, along with the requirement to successfully pass polygraph examinations in order to assess his suitability to maintain his access to Sensitive Compartmented Information (SCI) and employment with a Federal Law Enforcement agency.
2. In 2010, Plaintiff established his professional and personal goals for the next ten years. The professional goal included promotion to the Senior Executive Service (SES) ranks and establishing a small private business to allow Plaintiff to retire in ten to twelve years and walk into a second career. In 2014, Plaintiff accepted a senior management position at the GS-15 grade level which provided him with the requisite experience to be eligible for a SES position. In 2010 and 2011, Plaintiff conducted extensive research of the maple syrup industry and potential profitability. Plaintiff further conducted research through multiple real estate websites to identify a parcel of land for the farm. A parcel of land was identified and purchased in early 2011 and established the business. Plaintiff approached Defendant to provide him an opportunity for long term stable employment in exchange for Defendant contributing his labor and time as his investment in the maple farm business.

1

3. In early 2016, Defendant stated Plaintiff had stolen and embezzled funds from the maple sugaring business. In late 2016, Plaintiff and Defendant's personal attorney's agreed on hiring a private independent accounting firm to conduct a financial review of the business expenses and income. In January 2017, Plaintiff submitted all documentation related to the business for a financial exam which revealed Plaintiff had invested monies in the amount of $174,494 and had not received any financial gain from his investment. Defendant was provided the results of the financial exam in the spring of 2017 and continued to falsely claim Plaintiff embezzled funds from the business after receiving the results of the financial exam. Additionally, Defendant falsely stated to individuals in the community of his residence, the Vermont court had found Plaintiff guilty of embezzling $200,000. The financial audit clearly refuted this statement and the civil court action related to the business is still in a preliminary stage so no court action has occurred to assess innocence or guilt.
4. Defendant stated Plaintiff had stolen company funds to enrich his retirement plan. Defendant also stated Plaintiff had stolen company funds and gambled the funds at a casino.
5. Plaintiff seeks an award of compensatory and punitive damages for the harm to his personal and professional reputation, current business interests, potential impairment to maintaining SCI clearance, and the impairment of business opportunities that resulted from the blatantly false and defamatory statements and implications about him by Defendant.
6. Plaintiff initially filed similar complaint with the United States District Court for the District of Maryland (PJM 18-0224), which was dismissed without prejudice for lack of personal jurisdiction on 20 April 2018.

## JURISDICTION AND VENUE

7. This Court has jurisdiction, pursuant to 28 U.S.C § 1332(a)(1) over all claims alleged herein as the matter in controversy in the cause of action asserted herein is between citizens of different States and exceeds $75,000 in damages.
8. Plaintiff is a resident of the State of Maryland, Town of Prince Frederick County of Calvert.
9. Defendant is a resident of the State of Vermont, Town of Beecher Falls, County of Essex.
10. Defendant resides in the State of Vermont.
11. Venue properly lies in this Court because it is a judicial district within a state that Defendant resides in and which his statements were made against Plaintiff.

## PARTIES

12. Plantiff Steve Doyon is an individual who resides at 635 Stillwater Lane, Prince Frederick, County of Calvert, State of Maryland.
13. Defendant Yvan Doyon is an individual who resides at 56 Middle Street, Beecher Falls, County of Essex, State of Vermont.

## FACTUAL ALLEGATIONS

14. Steve Doyon is an employee of an identified Federal Law Enforcement agency and the owner of a Maple Syrup farm.
15. In the fall of 2015, Defendant had a conversation with his mother and stated he was going to file a lawsuit against Plaintiff with the intention of Plaintiff losing his job, losing his home and going to jail.
16. In the fall of 2015, Defendant stated to Plaintiff that he had stolen funds from the business and gotten rich.
17. In the fall of 2016, Defendant stated Plaintiff stole business funds in order to increase his contributions to his retirement fund. Defendant further stated Plaintiff stole company funds and gambled the funds away at a casino.
18. On or about 13 October 2017, Defendant stated that Plaintiff had been found guilty by the Vermont court of stealing $200,000 from the business. Defendant further stated Plaintiff was going to lose everything and go to jail.
19. On or about 22 October 2017, Plaintiff communicated via telephonic method with his older sister who resides in a community adjacent to Defendant. Plaintiff's sister had attended a dinner function the previous evening and was approached by an acquaintance who stated she had heard the Defendant was alleging Plaintiff had been found guilty by the court of embezzling $200,000.
20. On 16 January 2018, Plaintiff's mother stated she had spoken to acquaintances in the community who commented about hearing statements which were derogatory to the character of Plaintiff.
21. Defendant filed a civil suit with the State of Vermont Superior Court (Essex Unit), against Plaintiff related to the maple sugaring business. Defendant identified by name the Federal Law Enforcement agency **(See Exhibit A, page 2)**, the agency Plaintiff is currently employed with. The identified Federal Law Enforcement agency has no relation, relationship or connection with the Maple Syrup related business. Identification of the agency in the civil suit served no purpose except to try and cause injury to Plaintiff.
22. Defendant purchased nearly all equipment and supplies related to the business and was aware of the cost of the equipment. Defendant shipped nearly all maple syrup products to two wholesale buyers and was aware of how much income was derived by the business. Plaintiff provided yearly estimated balance sheets which depicted yearly loss statements due to the business spending more than income derived. Defendant was fully aware of the business finances and the losses suffered each operating year.
23. Plaintiff is a civil servant at the GS-15 pay scale with a yearly salary of $157,253. Basic pay for the senior executive schedule (SES) at Level IV begins at $161,900. Defendant's slanderous statements has the potential to adversely impact Plaintiff's ability to maintain his SCI access and preclude Plaintiff from applying for a SES position.
24. For individuals within the SES rank, performance awards (bonuses) may be given for performance during the most recently completed appraisal period. The amount of an individual award must be between 5 percent and 20 percent of the executive's rate of basic pay. For Level IV employees, the award would amount to an award amount of approximately $8,000 - $32,000.

3

25. Defendant is aware Plaintiff holds an SCI clearance, is subject to re-investigations and must maintain his clearance for employment.

## CAUSE OF ACTION

Intentional Tort – Slander Per Se

(As against Defendant)

26. Plaintiff repeats, reiterates, and re-alleges each and every allegation above as though set forth herein.
27. In order to state a cause of action for slander, a plaintiff must allege the making of a false statement which was published to a third party, and resulting damages.
28. Further, a cause of action for defamation per se (slander) is stated when the false statements utterly injure a plaintiff in his trade, business, or profession or accuse him of committing a serious crime.
29. Through Defendants statements to members of the community and to individuals associated with the maple syrup industry in the Northeast Kingdom of Vermont, Defendant made slanderous statements concerning Plaintiff.
30. Namely, Defendant made statements accusing Plaintiff of stealing company funds to personally enrich himself.
31. Defendant knew his statements were false and/or acted with reckless disregard to the truth.
32. By reason of the foregoing acts of Defendant, Plaintiff sustained, and will continue to sustain, serious financial and reputational damages, in particular to his profession as an employee of a Federal Law Enforcement Agency, due to the serious crimes he has been accused of committing.
33. Plaintiff must obtain and maintain a SCI clearance which entails continued background investigations. Defendant's false, slanderous, and damaging statements potentially impairs Plaintiff maintaining his ability to maintain a clearance, thus his position and employment.
34. Plaintiff is employed by a Federal Law Enforcement Agency and assigned to work on national security related issues. As a subject matter expert on these issues, Plaintiff is subject to testifying in federal court for national security related cases. Through Defendants slanderous statements, Defendant has potentially made Plaintiff Giglio impaired.

## BENCH TRIAL DEMAND

35. Plaintiff hereby demands a bench trial as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE,** upon all of the facts and circumstances herein alleged, Plaintiff respectfully requests that this Court:

A. Grant judgment against Defendant on each and every cause of action alleged herein;

4

B. Grant an order awarding Plaintiff damages in an amount to be determined by the court, together with interest and the costs and disbursements of this action, plus punitive damages in the amount of $200,000, as well as any other damages permitted to be recovered by law pursuant to the above causes of action: and

C. Grant an order requiring Defendant to allocute to making false statements pertaining to Plaintiff which said allocution will hereby be submitted to Plaintiff's employer's security department.

D. Grant any such further relief as the Court deems just, proper, and equitable.

Dated: April 29, 2018

    Prince Frederick, Maryland

STEVE DOYON, Pro se

By: _____

Steve Doyon

635 Stillwater Lane

Prince Frederick, MD 20678

(518)257-0587

5